IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____ (CIVIL)

DULCE ROJAS, individually and as
natural guardian and parent of
A.G.R., a minor,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, DULCE ROJAS, individually and as natural guardian and parent of A.G.R., a minor, sues the Defendant, UNITED STATES OF AMERICA, and alleges:

## JURISDICTIONAL STATEMENT

1.  This is a claim against the UNITED STATES OF AMERICA for money damages for injuries caused by the negligence or wrongful acts or omissions of employees, agents, and/or servants of JESSIE TRICE COMMUNITY HEALTH CENTER, INC. ("JTCHC"), including, but not limited to, ATA ATOGHO, M.D. ("ATOGHO"), GLADYS DUPUY, D.O. ("DUPUY"), and GLADYS DUPUY, P.A. ("DUPUY, P.A.") located in Miami-Dade County, Florida.

{00040532.DOCX. 1 }

Case 1:16-cv-20281-KMM Document 1 Entered on FLSD Docket 01/22/2016 Page 2 of 12

ROJAS *et al.* vs. UNITED STATES OF AMERICA

2. Jurisdiction is based upon U.S.C. §1331, 28 U.S.C. §1346 (b), and 28 U.S.C.A. §2674.

3. Venue is proper in the Southern District of Florida based upon 28 U.S.C. §1931(e) because the Southern District, Miami Division, is the judicial district in which JTCHC, ATOGHO, DUPUY, and DUPUY, P.A. are located.

## IDENTIFICATION OF PARTIES

4. Plaintiff, DULCE ROJAS ("Ms. Rojas"), at all times material hereto, was *sui juris*, the natural guardian and parent of A.G.R., a minor child, and was a resident of Miami-Dade County, Florida.

5. A.G.R., a minor child, is seriously, totally and permanently disabled. His natural guardian and parent, Ms. Rojas, has brought suit on his behalf as well as for her own personal damages on account of giving birth to a child with a seriously impairing birth injury.

6. Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, including, but not limited to, JTCHC, ATOGHO, DUPUY, and DUPUY, P.A., rendered medical care to Ms. Rojas and her minor child, A.G.R., from August 23, 2012 through 2013 at JTCHC and North Shore Medical Center.

7. JTCHC has been deemed an agency of Defendant, UNITED STATES OF AMERICA, through the United States Department of Health and Human Services.

Case 1:16-cv-20281-KMM   Document 1   Entered on FLSD Docket 01/22/2016   Page 3 of 12

ROJAS et al. vs. UNITED STATES OF AMERICA

8. At all times material hereto, ATOGHO was an employee and/or agent of JTCHC and was acting within the course and scope of his employment and/or agency relationship with JTCHC and is, therefore, covered under the FTCA.

9. At all times material hereto, DUPUY was an employee and/or agent of JTCHC and was acting within the course and scope of her employment and/or agency relationship with JTCHC and is, therefore, covered under the FTCA.

10. At all times material hereto, DUPUY, P.A. was an employee and/or agent of JTCHC and was acting within the course and scope of its employment and/or agency relationship with JTCHC and is, therefore, covered under the FTCA.

## COMPLIANCE WITH CONDITIONS PRECEDENT

11. This action has been commenced against the Defendant within six (6) years after the right of action first occurred. Plaintiffs have complied with the requirements of 28 U.S.C. § 2401 by presenting a claim in writing to the appropriate federal agency within two (2) years after the claim accrued. A copy of the Notice of Claim was filed on behalf of Plaintiff, Ms. Rojas and A.G.R., a minor child, on April 10, 2015 and April 13, 2015 respectively. The acknowledgment of receipt of claim by the Defendant states that Plaintiffs' claims were received on April 14, 2015. Defendant automatically denied all the claims on October 14, 2015, after no denial was received six (6) months after

Case 1:16-cv-20281-KMM Document 1 Entered on FLSD Docket 01/22/2016 Page 4 of 12

ROJAS *et al.* vs. UNITED STATES OF AMERICA

receipt of Plaintiffs' Notice of Claim. Therefore, the Plaintiff has complied with any and all conditions precedent to the maintenance of this lawsuit, including 28 U.S.C. § 2401 and § 2675.

12. A Notice of Intent to Initiate Litigation for Medical Negligence was given to ATOGHO, M.D. by letter dated April 10, 2015, in accordance with the requirements of 28 U.S.C. § 2401 and Florida Statute § 766.106(2).

13. A Notice of Intent to Initiate Litigation for Medical Negligence was given to DUPUY, D.O. by letter dated April 10, 2015, in accordance with the requirements of 28 § U.S.C. 2401 and Florida Statute § 766.106(2).

14. A Notice of Intent to Initiate Litigation for Medical Negligence was given to DUPUY, P.A. by letter dated April 10, 2015, in accordance with the requirements of 28 § U.S.C. 2401 and Florida Statute § 766.106(2).

15. Alternatively, this action been properly brought within two (2) years of the date the alleged negligent incident occurred or within two (2) years of the date the alleged negligent incident occurred or within two (2) years of the date the alleged negligent incident could have been discovered with the exercise of due diligence and not later than four (4) years from the date the incident occurred.

## CERTIFICATE OF COUNSEL

16. Through Counsel's signature on this Complaint, it is hereby certified pursuant to Florida Statute § 766.203, that counsel for the Plaintiffs, prior to the filing of this action, made a reasonable investigation as permitted by the

Case 1:16-cv-20281-KMM Document 1 Entered on FLSD Docket 01/22/2016 Page 5 of 12

ROJAS et al. vs. UNITED STATES OF AMERICA

circumstances to determine if there are grounds or a good faith belief that there was negligence in the care and treatment of Ms. Rojas and her minor child, A.G.R., by Defendant. Further, such reasonable investigation has given rise to a good faith belief that grounds exist for an action against the named Defendant.

## **FACTS GIVING RISE TO CAUSE OF ACTION**

17. On or about August 23, 2012, during an obstetrical visit at JTCHC Ms. Rojas' pregnancy was detected during her 7th week of gestation and the estimated date of confinement was April 21, 2013.

18. Ms. Rojas continued to receive all of her prenatal and postpartum care at JTCHC from on or about August 23, 2012 to September 12, 2013.

19. On April 25, 2013, three days past the estimated date of confinement, Ms. Rojas was admitted to North Shore Medical Center for induction of labor.

20. Ms. Rojas was admitted under the care of attending obstetrician ATOGHO.

21. On the evening of admission, a cervical ripening agent, Cervidil, was inserted.

22. Spontaneous rupture of membranes occurred at 10:20 am the following day, April 26, 2013.

23. For approximately ten (10) minutes after epidural administration, the fetal monitor tracings showed prolonged decelerations.

Case 1:16-cv-20281-KMM   Document 1   Entered on FLSD Docket 01/22/2016   Page 6 of 12

ROJAS *et al.* vs. UNITED STATES OF AMERICA

24. The labor and delivery nurses notified Dr. DUPUY that the Cervidil came out, that there was a spontaneous rupture of membranes, an epidural put in and that there were prolonged decelerations for about ten (10) minutes after the epidural.

25. At approximately 12:14 pm, Pitocin was administered.

26. Dr. DUPUY was made aware that Ms. Rojas was having deep variable decelerations with each contraction.

27. At approximately 1420, Dr. DUPUY performs a vaginal examination and notes that she will continue with induction process and epidural and she anticipates a spontaneous vaginal delivery.

28. Within six hours of Pitocin initiation the obstetrical physician, DUPUY, documents that Ms. Rojas is fully dilated and at +1 station with category 2 fetal heart tones.

29. A vacuum was applied to assist with delivery as the fetal head was crowning.

30. On or about 2013[1], Baby A.G.R. was delivered vaginally and weighed seven (7) pounds and three (3) ounces.

31. The presentation and condition at delivery indicates an occiput posterior presentation with a large caput and nuchal cord x 1.

32. Baby A.G.R.'s Apgars were four (4) at one (1) minute, four (4) at five (5) minutes and eight (8) at ten (10) minutes.

---

[1] The date of Baby A.G.R.'s birth is not given in order to comply with Rule 5.2 of the Fed. R. Civ. P., and its privacy protection provisions.

Case 1:16-cv-20281-KMM  Document 1  Entered on FLSD Docket 01/22/2016  Page 7 of 12

ROJAS *et al.* vs. UNITED STATES OF AMERICA

33. Dr. DUPUY fails to timely notify neonatologist and/or NICU team to be present at time of delivery. Instead, NICU team is not called until four (4) minutes after A.G.R. was delivered.

34. Upon neonatology's arrival in the labor room, Baby A.G.R. was floppy with occasional gasping.

35. Baby A.G.R. was intubated at five (5) minutes of age following brief bag and mask ventilation efforts.

36. Baby A.G.R. was admitted to the NICU with diagnoses of perinatal depression, respiratory depression and possible sepsis.

37. A head assessment noted severe scalp edema in the occipital-parietal area and severe scalp bruising bilaterally.

38. Baby A.G.R. was extubated the following day and after extubation, showed signs of lip smacking and frequent posturing with suspected seizure activity noted.

39. Baby A.G.R. was then transferred to Miami Children's Hospital via transport team by ground ambulance on April 26, 2013.

40. During Baby A.G.R.'s admission at Miami Children's Hospital, Baby A.G.R. was diagnosed with anoxic seizures and hypoxic ischemic encephalopathy.

41. Baby A.G.R. currently suffers from spastic cerebral palsy secondary to his significant permanent brain injury.

Case 1:16-cv-20281-KMM Document 1 Entered on FLSD Docket 01/22/2016 Page 8 of 12

ROJAS *et al.* vs. UNITED STATES OF AMERICA

## COUNT I
## CLAIM FOR NEGLIGENCE AGAINST UNITED STATES OF AMERICA

42. The Plaintiffs re-adopt and re-allege paragraphs 1 through 41 and further allege:

43. Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, including but not limited to JTCHC, ATOGHO, DUPUY, and DUPUY, P.A., in providing medical care and treatment to Plaintiffs, Ms. Rojas and A.G.R., a minor child, at JTCHC, had and undertook the duty to provide medical care and services in accordance with that level of care and skill which is recognized as acceptable and appropriately by reasonably prudent, similar health care providers in the same or similar community.

44. Notwithstanding this duty, Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, breached its duties in one or more of the following ways:

    a. Negligently and/or carelessly failed to timely and appropriately treat, evaluate, monitor, manage, diagnose, and/or assess Ms. Rojas and her unborn infant's condition;

    b. Negligently and/or carelessly failed to timely and appropriately evaluate, assess, manage, and monitor Baby A.G.R.'s pre-delivery status;

Case 1:16-cv-20281-KMM   Document 1   Entered on FLSD Docket 01/22/2016   Page 9 of 12

ROJAS *et al.* vs. UNITED STATES OF AMERICA

c. Negligently and/or carelessly failed to timely and appropriately deliver Baby A.G.R.;

d. Negligently and/or carelessly failed to prevent serious and permanent damages to Baby A.G.R., including but not limited to, hypoxic ischemic encephalopathy and the many other resulting sequelae;

e. Negligently and/or carelessly failed to recognize that the unborn infant was in fetal distress;

f. Negligently and/or carelessly failed to timely and appropriately monitor, treat, diagnose, evaluate, assess, and manage Plaintiff Ms. Rojas and her unborn infant in a timely manner before, during, and after the delivery;

g. Negligently and/or carelessly failed to recognize that Ms. Rojas was showing signs and symptoms which required emergency delivery of the infant child Baby A.G.R.;

h. Negligently and/or carelessly failed to recognize that Ms. Rojas was showing signs and symptoms of fetal distress which required immediate delivery by caesarean section;

i. Negligently and/or carelessly failed to perform an immediate caesarian section when the fetal monitor strips showed fetal distress;

Case 1:16-cv-20281-KMM Document 1 Entered on FLSD Docket 01/22/2016 Page 10 of 12

ROJAS *et al.* vs. UNITED STATES OF AMERICA

j. Negligently and/or carelessly failed to recognize that Ms. Rojas was showing signs and symptoms of fetal distress which required emergency delivery;

k. Negligently and/or carelessly failed to appreciate fetal distress which presented a danger and threat to the welfare of the infant in utero;

l. Negligently and/or careless failed to appreciate an obstetrical emergency of which there was clear evidence of fetal distress;

m. Negligently and/or carelessly failed to have in place and/or follow policies and procedures to appropriately and timely arrange for and monitor the quality of care being rendered to patients who presented with symptoms like those of Ms. Rojas and Baby A.G.R.;

n. Negligently and/or carelessly failed to follow established policies and procedures in place concerning the care and treatment of patients with Ms. Rojas' and Baby A.G.R.'s signs and symptoms;

o. Negligently and/or carelessly failed to order a STAT neonatology consult and/or call NICU in a timely manner to address the infants' condition at delivery.

Case 1:16-cv-20281-KMM   Document 1   Entered on FLSD Docket 01/22/2016   Page 11 of 12

ROJAS *et al.* vs. UNITED STATES OF AMERICA

45. As a direct and proximate result of the negligence of the Defendant, UNITED STATES OF AMERICA, by and through its employees, agents, and/or servants, including, but not limited to, JTCHC, ATOGHO, DUPUY, and, DUPUY, P.A., A.G.R., a minor child, has in the past and will in the future suffer bodily injury, pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, reasonable expense of hospitalization and medical, nursing and other health care related expenses, loss of wage earning capacity, rehabilitation expenses and aggravation of a pre-existing condition.

46. Furthermore, as a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its employees, agents, and/or servants, including, but not limited to, JTCHC, ATOGHO, DUPUY, and, DUPUY, P.A., A.G.R. was born with permanent and total disability and damages of a serious and permanent nature, and Ms. Rojas has an individual claim on account of the condition of her child.

47. In addition, as a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, which caused a significant, serious and permanent total disability to A.G.R., a minor child, Ms. Rojas, individually and as natural guardian and parent of A.G.R., a minor child, pursuant to Fla. Stat. § 768.0415, has in the past and will in the future suffer permanent loss of services, comfort, society, love, affection and solace of A.G.R. and medical, hospital, nursing and related expenses on account of his permanent total disability, as

Case 1:16-cv-20281-KMM   Document 1   Entered on FLSD Docket 01/22/2016   Page 12 of 12

ROJAS *et al*. vs. UNITED STATES OF AMERICA

well as earnings lost in the past and loss of ability to earn money in the future reasonably resulting from the need to care and provide for A.G.R. because of the child's brain injury and incapacity.

**WHEREFORE**, Plaintiff, DULCE ROJAS, individually and as natural guardian and parent of A.G.R., a minor child, demands judgment against Defendant, UNITED STATES OF AMERICA, for compensatory damages in the amount in excess of the minimum jurisdictional limits of this Court, exclusive of interests and costs.

Dated this 22nd day of January, 2016.

Respectfully submitted,
Araly Herrera, Esq.
Florida Bar No.: 121241
aherrera@glhlawyers.com
Hector J. Lombana
Florida Bar No.: 238813
hlombana@glhlawyers.com
GAMBA LOMBANA & HERRERA
Attorneys for Plaintiff
2701 Ponce de Leon Blvd.
Mezzanine Floor
Coral Gables, Florida 33134
Phone: (305) 448-4010
Fax: (305) 448-9891

By: /s/ _____
Araly Herrera, Attorney for Plaintiff